Dewey, J.
Hoover declared in debt against Johnson on a promissory note for the payment of a certain sum of money in eight months after date. Plea, the general issue. Verdict and judgment for the defendant. On the trial the plaintiff produced a note, made by the defendant, as follows: “Eight months after date, I promise to pay (the plaintiff) or order the sum of, &c., to be paid as soon as I get my returns from New Orleans, or the above date at farthest, for value received.” The Circuit Court rejected the note on the ground of variance. The suit was commenced after the lapse of eight months from the date of the note.
We do not understand the rejected note as containing an *508 alternative promise; giving the maker the choice of which of the alternatives he would perform. Were such the fact; the rejection of the note would unquestionably have been correct, for an alternative contract will not support an action founded on one absolute in its terms. Tate v. Wellings, 3 T. R., 531. See, also, Layton v. Pearce, Doug., 15. The note, which was offered in evidence, contained an absolute promise by the maker to pay the stipulated sum in eight months, with an additional undertaking to pay it sooner, on the happening of a certain contingency. These two promises are independent of, and do not qualify each other. Had the defendant received “his returns from New Orleans,” which we suppose means a remittance of money, before the lapse of eight months, he might have been sued immediately on his promise to pay on the happening of that event. But whether that event ever happened or not, after the expiration of eight months, he was liable to a suit on his promise to pay in that period. The plaintiff has sued on this latter promise; and he was not bound to set out in his declaration the other promise, of the breach of which he does not complain. The omission of it constitutes no variance. Miles v. Sheward, 8 East, 7; Tempest v. Pawling, 13 Id., 18. The Circuit Court erred in rejecting the note.
Z. Baird, for the plaintiff.
H. S. Lane and S. Q. Willson, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.